## Scott *against* Sample.

Testator by his will disposed of his estate, real and personal, and, by a codicil, directed his executor to purchase a certain tract of land, upon which he held a mortgage, if it sold for an amount less than the mortgage debt. Before his death he purchased the equity of redemption, and subsequently died without altering his will: Held, that such purchase did not merge it in the qualified legal title existing in the testator at the making of the will, so as to give him the estate by relation; and that as he died intestate of it, it descended to his heirs at law, and did not go to his executors.

ERROR to the common pleas of *York* county.

This was an action of ejectment by William Coulson, executor of Patrick Scott, against J. Sample and others, heirs at law of John Sample, Sen.

On the 1st of August 1809, John Sample, Sen. was seised in fee of the land in dispute, and mortgaged it to Patrick Scott, the plaintiff's testator.

On the 25th of April 1822, Patrick Scott made his will, and

thereby disposed of all his property. He directed part of his lands to be sold, and his "outstanding debts" to be collected, and if, after paying all the legacies, any surplus should remain, it should be divided among his legatees, according to their legacies.

To this will he added various codicils, the last of which is dated the 21st of September 1824. One of these codicils is in the following words: "It is my will that my executor purchase in the land of John Sample, on which I have the mortgage, provided it does not sell for the amount of my claim; but if it sell for the amount of the claim, my executor will not make the purchase; and it is also my will that my executor make sale of said property any time within five years after said purchase, to the best advantage possible, and make a title to the purchaser."

In 1823 John Sample, Sen. died. His administrators finding his personal estate insufficient to pay debts, applied to the orphans' court for an order to sell his real estate, and were, by decree of that court, authorized to sell the whole tract together, or to sell it in lots.

On the 2d of November 1824, a sale of part of said real estate having been before made and confirmed by the orphans' court, the administrators reported the sale of "two hundred acres, more or less, which were mortgaged by the said·Sample, situate in Peach Bottom township, as in the order of sale mentioned," to Patrick Scott, for 1715 dollars 88 cents. This sale was also confirmed by the court, and a deed was executed by the administrators the same day, conveying to Patrick Scott, the purchaser, the lands so sold.

Patrick Scott died in 1825. His will was proved on the 12th of September 1825, and letters testamentary issued thereon to the plaintiff in this suit.

The defendants in this suit are sons and heirs of the said John Sample, Sen. The court charged the jury, "that as to the land in dispute, Patrick Scott died intestate; that on his death it went to his heirs, not to his executors; consequently your verdict will be for defendants."

Plaintiff assigns for error; that the court erred in charging as above.

*Evans*, for plaintiff in error.
*Lewis* and *Gardner*, contra.

Per Curiam.—The argument is, that the testator's subsequent purchase of the equity of redemption was not a new acquisition, but the extinguishment of an equity which gave him, by relation, the whole at the date of the will. It is evident from the terms of the codicil that he had not so considered it himself. The executors were instructed to purchase the land on the contingency of its being obtainable for a sum no greater than the debt; but this instruction was superseded by the testator's purchase of it in his lifetime. The question then is, simply, whether a debt secured by mortgage is

[Scott v. Sample.]

real or personal estate.   However it may have been considered theoretically, it has long been treated, in practice, as a bare encumbrance or charge, the title passing no further, even at law, than to protect it from hazard; not to change its incidents by stamping it with the character of real estate.   Accordingly it goes, in England, and elsewhere, to the executor as personal property, and not to the heir as land.   The purchase of the equity of redemption therefore did not merge it in the qualified legal title existing in the testator at the making of the will, so as to give him the estate by relation; and as he died intestate of it, his executor is consequently not the person to recover it.

Judgment affirmed.